WILLIAM CUNNINGHAM, RESPONDENT, *v.* THE BAY STATE SHOE AND LEATHER COMPANY, APPELLANT.

*Convict labor — relation of master and servant does not exist between the contractor and the convict.*

The relation of master and servant does not exist between a convict and one who enters into a contract with the county for his services.

The party thus entering into a contract for convict labor is not liable for injuries resulting to a third person from the negligence of the convict in the course of his employment.

APPEAL from a judgment in favor of the plaintiff in an action brought to recover damages, sustained through the alleged neglect of a convict in the Kings County Penitentiary in leaving open an elevator hole into which plaintiff fell, and from an order denying a motion for a new trial, made on the minutes of the court.

The convict was engaged in work for the defendant under a contract between the county of Kings and the defendant, containing the following, among other provisions:

The said party of the first part doth let out, and by these presents has let and farmed out to the said party of the second part, the labor and services of 400 male convicts and fifty female convicts confined or imprisoned in the Kings County Penitentiary.

The said convicts are to be employed at the business of making boots and shoes or other articles of merchandise connected with the business of the said party of the second part.

The party of the first part hereby covenants and agrees to furnish, free of charge, suitable and convenient shop rooms in which to employ said convicts, and heat the same when necessary; also to furnish, free of charge, one convict for each eighteen men as shop waiter; also to furnish, without charge to the said party of the second part, an assistant keeper for each shop room whose duty it shall be to preserve order, enforce discipline and see that the convicts do a fair and reasonable day's work, and to keep a time book thereof. No charge is to be made for time lost by reason of sickness, punishment or any other cause which shall not result from the fault or omission of said party of the second part.

It is further agreed and understood, by and between the parties hereto, that the said party of the second part shall be privileged to have, at their own charge and expense, a suitable number of men in the shops to oversee the work and instruct the convicts therein; said instructors to be subject to the approval of the keeper of the penitentiary.

The said party of the second part hereby covenants and agrees to and with the said party of the first part to hire, and by these presents doth hire, the labor and services of the 400 male and fifty female convicts, be the same more or less in number, in accordance with all the provisions, stipulations, forms and conditions herein mentioned; and further agrees to furnish all the tools, machinery and stock necessary to keep said convicts herein named fully and constantly employed.

It is also agreed that nothing herein contained shall be construed to abridge the rights of the keeper of said penitentiary to carry out the rules of discipline and enforce the regulations and laws of the prison.

It is also mutually understood and agreed that a complete and efficient system of discipline shall be enforced and maintained in the shops during working hours.

*B. F. Tracy*, for the appellant.

*Morris & Pearsall*, for the respondent.

Gilbert, J.:

Without considering whether the plaintiff had a right to be where he was when the accident happened, or whether the defendant owed him the duty of protecting him against falling into the pit of the elevator, we are of opinion that the convict, through whose negligence in leaving the elevator hole open and unguarded it is averred the accident to the plaintiff happened, was not the servant of the defendant and that the defendant is not liable for the convict's negligence. The convict was undergoing a sentence upon a criminal conviction in the Kings county penitentiary, and was performing labor for the defendant by virtue of a contract made between the defendant and the county of Kings, by which the county let and

farmed out to the defendant the labor and services of four hundred male convicts and fifty female convicts, confined or imprisoned in the said penitentiary, for a price per day specified in the contract for the labor of each convict. Personal control of the convicts by the keeper of the penitentiary was preserved by the contract. Indeed such control could not be lawfully transferred or delegated to any person. The statute which authorized the making of the contract conferred no such power. Clearly the relation of master and servant between the defendant and the convict could not arise out of such a contract.

While it is not necessary to constitute that relation that there should be a formal hiring by the defendant of the convict, yet such relation cannot exist unless the person who performs the service is subject to the control and direction of the person for whom the service is performed. In the instance before us such is not the case. On the contrary, the county of Kings, acting under legislative authority, made the contract referred to for the two-fold object of enforcing the salutary discipline of the convicts, and obtaining recompense for their maintenance. The defendant merely assisted the public authorities in the accomplishment of those objects. It became entitled to the use of the building in which the convicts worked, and to their labor only by virtue of that contract. That building was a part of the penitentiary. The defendant neither employed or selected the convict, nor had it power to enforce obedience from him or to discharge him.

The judgment must be reversed and a new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.